# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**THOMAS E. WELCH,**

    **Plaintiff,**

**v.**                                          **CIVIL ACTION NO. 2:10cv82**
                                                **(Judge Maxwell)**

**SISTERSVILLE GENERAL HOSPITAL;**
**PADEN CITY POLICE DEPARTMENT;**
**BROOKE COUNTY SHERIFFS DEPARTMENT;**
**WETZEL COUNTY PROSECUTOR ATTORNEYS OFFICE,**

    **Defendants.**

## REPORT AND RECOMMENDATION

On July 2, 2010, the *pro se* plaintiff, who is a state prisoner, filed a complaint pursuant to 42 U.S.C. §1983. On July 21, 2010, an order was entered granting the plaintiff leave to proceed *on forma pauperis*, and on August 5, 2010, the plaintiff paid his required initial partial filing fee. This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 2 and 28 U.S.C. §1915(e)

## I. THE COMPLAINT

The plaintiff is currently incarcerated in the McDowell County Correctional Center following a July 16, 2009 conviction for Sexual Abuse in the First Degree obtained in the Circuit Court of Wetzel County.[1] Although the plaintiff's complaint is neatly typed, it is difficult to understand his allegations. However, it appears that he is alleging that the defendants, and in particular Sistersville General Hospital, manufactured false evidence that was used to convict him. In addition, the plaintiff

---

[1] See www.wvdoc.com Offender Search.

appears to allege that the other defendants conspired to conceal the fact that false medical evidence was manufactured by the hospital. The plaintiff requests that this Court order an FBI investigation into the matter and seeks Ten Million Dollars from each of the defendants for libel, slander, defamation of character, emotional distress, civil conspiracy, and assault and battery.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. 1915(e).

A complaint is frivolous if it is without arguable merit either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325. However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," Id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). As discussed more fully below, the plaintiff's request for damages against the defendants has no chance for success. Therefore, the undersigned recommends that this case be dismissed.

## III. ANALYSIS

42 U.S.C. §1983 provides as follows:

2

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Therefore, in order to state a claim under 42 U.S.C. § 1983, the plaintiff must demonstrate that a person acting under color of state law deprived him of the rights guaranteed by the Constitution or federal laws. Rendall-Baker v. Kohn, 547 U.S. 830, 838 (1982)

In the instant case, the plaintiff does not name any person as a defendant, but instead, names the Sistersville General Hospital, the Paden City Police Department, the Brooke County Sheriffs Department, and the Wetzel County Prosecutor Office. None of these defendants is a proper defendant because none is a person within the meaning of § 1983. However, even if the plaintiff had named proper defendants, his case still would be subject to dismissal.

In Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994), the Supreme Court of the United States found:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus . . .

Heck at 487 (footnote omitted). Moreover, the Supreme Court stated that one reason for imposing

such a requirement is to prevent a convicted criminal defendant from collaterally attacking his criminal conviction through a civil suit. Id. at 484.

Upon review of the complaint, it is clear that a decision favorable to the plaintiff with respect to his allegations against the defendants "would necessarily imply the invalidity of his conviction or sentence"[2] and that the plaintiff has failed to make a showing that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.

## IV. RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that the complaint (Doc. 1) be **DISMISSED** under 28 U.S.C. §§ 1915A and 1915(e) for failure to state a claim upon which relief can be granted.

Within fourteen (14) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1);Thomas v. Arn, 474 U.S. 140 (1985) Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

---

[2] Harden v. Pataki, 320 F.3d 1289, 1291 (11th Cir. 2003) (citing Heck at 487).

The Clerk of Court is directed to mail a copy of this Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Dated: August 31, 2010

      /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE